# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KATHLEEN KANE,

     Plaintiff,

v.                                 Case No: 8:21-cv-1050-CEH-TGW

SELECT MEDICAL
CORPORATION, SELECT
PHYSICAL THERAPY HOLDINGS,
INC. and SELECT EMPLOYMENT
SERVICES, INC.,

     Defendants.

_____/

## **O R D E R**

This matter comes before the Court on Relator Kathleen Kane's Objections (Doc. 168) filed June 9, 2026, to Magistrate Judge Thomas Wilson's Order (Doc. 165) of May 27, 2026,[1] granting in part and denying in part Defendants' Motion for Protective Order, Relator's supplemental authority (Doc. 169),[2] and Defendants' response in opposition (Doc. 171). Because the magistrate judge's order is neither clearly erroneous nor contrary to law, the Court will overrule Plaintiff's objections to

---

[1] Although docketed on cm/ecf on May 29, 2026, the Order was signed by the magistrate judge on May 27, 2026.

[2] The supplemental authority consists of the parties' Confidentiality Agreement and Qualified Protective Order (Doc. 170-1); summary of Department of Justice (DOJ) letters (Doc. 170-2); DOJ letter dated December 11, 2023 (Doc. 170-3); and DOJ letter dated December 20, 2023 (Doc. 170-4). These documents have been filed under seal. According to Relator, the DOJ letters were just received from Defendants on June 19, 2026.

the order granting in part and denying in part the motion for protective order and motion to stay.

## I.      BACKGROUND

On April 27, 2026, Defendants filed a Motion for Protective Order and Temporary Stay of Discovery (Doc. 158) challenging the scope of Relator's First Set of Requests for Production of Documents served April 7, 2026, which sought a massive amount of nationwide discovery from Defendants. Given the Court's ruling on the motion to dismiss, which specifically held that the Third Amended Complaint does not plead a nationwide scheme and leave to amend will not be permitted, Defendants argued that Relator's nationwide discovery goes far beyond the scope of the surviving claims. Additionally, Defendants argued that discovery directed to non-party Concentra, Inc., who is not mentioned in any of Relator's Complaints, is irrelevant.[3] Finally, Defendants argued that the Relator's request for documents extending from 2016 to the present is overly broad, oppressive, and disproportionate to the needs of the case given the remaining claims. Defendants sought a temporary stay of discovery while the Court considered their motion. Relator opposed Defendants' motion. Doc. 164.

The motion was referred to the magistrate judge who issued an order on May 27, 2026, granting the motion for protective order to the extent that discovery is limited

---

[3] Defendants state even if there was some relevance to Concentra, Inc. documents, Defendants have no control over Concentra documents as that entity was "spun off" as a separate corporation in November 2024. Doc. 158 at 3. Relator does not raise the Concentra discovery as a basis of her objections.

to Defendants' clinics in the metro-Tampa area between the dates of January 1, 2016, and May 3, 2021. Doc. 165 at 11. The request for a stay of discovery was denied as moot. *Id.*

On June 9, 2026, Relator filed timely objections to the magistrate judge's order. Doc. 168. Relator first argues that the magistrate judge misunderstood this Court's ruling on the motion to dismiss. In that regard, Relator contends there was no final determination as to whether she could amend her complaint. Relator raises three objections that the magistrate judge erred: (1) in precluding nationwide discovery; (2) in precluding documents that the Defendants already produced to the Government; and (3) in cutting off discovery at May 3, 2021, the date of the original complaint. Doc. 168. Defendants filed a response in opposition (Doc. 171) arguing this Court's Order on the motion to dismiss clearly precluded further amendment, there was no clear error in the magistrate judge's discovery order, and that the discovery order was consistent with applicable law. Defendants request the objections be overruled.

## II.    LEGAL STANDARD

Magistrate judges have broad discretion to resolve non-dispositive discovery disputes. *Tracy P. v. Sarasota County*, 8:05-cv-927-JDW-EAJ, 2007 WL 1364381, at *2 (M.D. Fla. May 9, 2007). A party may serve and file objections to a magistrate judge's order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must consider all timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *Id.*; 28 U.S.C. § 636(b)(1)(A); *see also*

*Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016–17 (5th Cir. Unit A June 1981)[4] (pretrial orders of a magistrate under § 636(b)(1)(A) are reviewable under the "clearly erroneous and contrary to law" standard; they are not subject to a *de novo* determination as are a magistrate's proposed findings and recommendations under § 636(b)(1)(B)). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1350–51 (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). A magistrate judge's order "is contrary to law if it does not apply or misapplies the relevant statutes, case law, or rules of procedure.'" *800 Adept, Inc. v. Murex Securities, Ltd.*, 6:02-cv-1354-PCF-DAB, 2007 WL 2826247, at *1 (M.D. Fla. Sept. 25, 2007) (citation omitted).

## III.   DISCUSSION

The magistrate judge's non-dispositive discovery order is nether clearly erroneous nor contrary to the law. Relator's Objections are due to be overruled.

### A.   The Court's Order on Motion to Dismiss

As a preliminary matter, it is Relator, not the magistrate judge, who misconstrued this Court's Order on the Motion to Dismiss the Third Amended

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Complaint. While the Court indicated it was not ruling on the scope of discovery, that was because no discovery issues were before it. The Order clearly held that Relator's Complaint did not allege a nationwide scheme with particularity as required by Rule 9(b). *See* Doc. 145 at 27–28. While dismissal of any purported nationwide scheme was without prejudice, it was plainly stated that dismissal was "without leave to amend in this case." *Id.* at 29. And if that were not clear enough, when the Court entered its Amended Case Management and Scheduling Order (Doc. 156), it specifically did not include a new deadline for amendments to pleadings. That was because that deadline had long passed and after four attempts at stating her claims, there would be no further amendment permitted in this action at this late juncture. Doc. 145 at 28.

B.     Nationwide Discovery

In her argument that she should be entitled to nationwide discovery, Relator contends the magistrate judge's ruling was contrary to law and that her discovery is not a "fishing expedition." In support, Relator relies on a Middle District of Florida opinion that held discovery in *qui tam* actions is not "automatically limited to the facilities that relator worked in or the time period that relator was employed." Doc. 168 at 5 (quoting *Girling v Specialist Doctors' Grp., LLC*, No. 8:17-cv-2647-SCB-JSS, 2021 WL 8773339 at *2 (M.D. Fla. Feb. 3, 2021)). While true, neither this Court's Order on the motion to dismiss, nor the magistrate judge's discovery order, limited this case to only clinics that Kane worked at. Rather the Court recognized Relator's claims were directed to all of Defendants' Tampa area clinics. *See* Docs. 145 at 28; 165 at 8. Indeed, the *Girling* opinion observed that "[t]he starting point for ascertaining

5

whether or not discovery may be had on a topic is the Complaint and the defenses." *Girling*, 2021 WL 8773339, at *2 (citing *United States v. Am. Intercontinental Univ., Inc.*, No. 1:08-CV-2277-RWS-LTW, 2012 WL 12878365, at *1 (N.D. Ga. Jan. 20, 2012) (citing Fed. R. Civ. P. 26(b)(1), 2000 Advisory Committee Notes)). This is precisely what the magistrate judge did here in recognizing that "[c]ases within this district have generally held that 'discovery in *qui tam* actions must be limited and tailored to the specificity of the complaint.'" Doc. 165 at 9 (collecting cases). The magistrate judge's ruling in granting the motion for protective order to preclude Relator's nationwide discovery is consistent with the fact that the Third Amended Complaint does not allege a nationwide scheme, and the ruling is not clearly erroneous or contrary to the law.

Relator additionally relies on the Sixth Circuit's opinion in *U.S. ex rel. Bledsoe v. Community Health Systems*, 501 F.3d 493 (6th Cir. 2007), for the proposition that a relator may proceed to discovery on an entire fraudulent scheme even where his complaint only provides examples of specific false claims. Of note, that court goes on to state "[t]he critical question then becomes how broadly or narrowly a court should construe the concept of a fraudulent scheme." *Id.* at 510. That court concluded that the concept of a false or fraudulent scheme "should be construed as narrowly as is necessary to protect the policies promoted by Rule 9(b)." *Id.* In reaching his ruling on the discovery issues in the instant case, the magistrate judge took into consideration the undersigned's finding that the Third Amended Complaint did not adequately allege a nationwide scheme to satisfy the particularity requirements of Rule 9(b).

Finally, Relator's reliance on the Northern District of Georgia *qui tam* case, U.*S. ex rel. Bibby v. Wells Fargo, N.A.*, 165 F. Supp. 3d 1340 (N.D. Ga. 2015), is unpersuasive. First, it is factually distinguishable in that the *Bibby* case involved a *national* V.A. loan program. Second, although that court refused to limit discovery to a single region or timeframe based on relator's allegations, the Georgia court relied on a Pennsylvania case which held that the standard for Rule 9(b) is generous in the Third Circuit. *See id.* at 1347; *see also U.S. ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 174 (E.D. Pa. 2012) (quoting *Blue Line Coal Co. v. Equibank*, 683 F. Supp. 493, 497 (E.D.Pa.1988) ("The standard for 9(b) is a generous one in this Circuit," and "does not require date, time, and place allegations[.]")). The magistrate judge here applied law applicable in the Eleventh Circuit where fraud claims must be alleged with particularity. *See* Doc. 165 at 10 (citing *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1360 (11th Cir. 2006) ("The particularity requirement of Rule 9(b), if enforced . . . will result in claims with discernable boundaries and manageable discovery limits.").

C.    DOJ Documents

Relator objects to the magistrate judge's order protecting from production the documents that Defendants turned over to the DOJ. As the DOJ is "the real party in interest" in this case, Relator argues it should be entitled to whatever the DOJ received. Relator submits that this production would not be overly burdensome to produce because it was already produced once. Considering that the scope of this case was narrowed by this Court's order on the motion to dismiss, the magistrate judge determined that the Rule 26 discovery is not coextensive with the investigative

authority of the government. The magistrate judge further concluded that Defendants would be entitled to re-review the production to cull out documents not relevant to the claims that remain. As discussed in the section above, granting the protective order to limit documents to the metro-Tampa area clinics was not clearly erroneous or contrary to law.[5] The magistrate judge similarly did not err in imposing the same geographic limitation to the DOJ documents.

D.    Discovery Cut-Off May 3, 2021

Relator objects to the magistrate judge limiting discovery to May 3, 2021, the date the original complaint was filed, arguing that she has alleged an ongoing scheme. The magistrate judge held that general allegations of ongoing fraudulent billing does not justify the ten years of discovery sought here. In an Eleventh Circuit case (cited by both parties), *US ex rel Walker v R&F Properties*, 433 F.3d 1349 (11th Cir. 2005), discovery was permitted up to the date of the filing of the original complaint. Notably, there was an amended complaint in that case, but the court specifically set a temporal scope of the date of filing of the original complaint. The magistrate judge's ruling that the discovery should be cut off at the date of the filing of the original complaint is not clearly erroneous or contrary to law.

E.    Supplemental Authority

---

[5] Defendants' response indicates that they have already produced to Relator the data that was produced to the DOJ with respect to the Tampa-area clinics for the relevant time period of January 1, 2016 to May 3, 2021.

Subsequent to filing her objections, Relator filed the parties' confidentiality agreement and two DOJ letters from 2023 as supplemental authority. Docs. 169, 170. According to her Notice of Filing, the DOJ letters were only recently produced to Relator after the magistrate judge entered his order. Relator argues that the letters provide a further factual basis for Relator to obtain discovery on a nationwide basis. However, this Court has already ruled that a nationwide scheme has not been pleaded in the Third Amended Complaint (or any of the three prior complaints) and no leave to amend will be granted at this late juncture. Doc. 145 at 28. The DOJ letters do not persuade the Court to change its ruling. Moreover, as pointed out by Defendants, notwithstanding whatever additional investigation transpired and was referenced in the DOJ letters, it was not significant enough to prompt the DOJ to intervene.

Accordingly, because the magistrate judge's discovery order (Doc. 165) was neither clearly erroneous nor contrary to law, it is

**ORDERED**:

1.     Relator's Objections (Doc. 168) to the Magistrate Judge's Order Dated May 29, (sic) 2026 are **OVERRULED**.

**DONE AND ORDERED** in Tampa, Florida on June 25, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

9